UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIEAUKA Y. BRADLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>TODD TERHAR,<br><br>    Defendant. | Case No. C08-5499 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 21, 2008** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's proposed Amended Complaint (Dkt. # 7), filed in response to the Court's Order to Show Cause. Dkt. # 6. Having carefully reviewed Plaintiff's proposed amended complaint and balance of the record, the undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. DISCUSSION

On September 3, 2008, Mr. Bradley was granted leave to proceed *in forma pauperis* (Dkt. # 4), and the Clerk filed his Complaint. Dkt. # 5. The Court reviewed Plaintiff's Complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim under

REPORT AND RECOMMENDATION - 1

42 U.S.C. § 1983. Dkt. # 6. Plaintiff was ordered to show cause why his complaint should not be dismissed because he brought this action under § 1983, but seeks enforcement of a judgment awarded in an arbitration in state court.

In his original complaint, Plaintiff purports to sue Todd Terhar, a Tacoma City Police Officer, for collection of an arbitration award. Dkt. # 1-2. Plaintiff alleges that on September 20, 2005, he was awarded a judgment in arbitration in Case No. 04-2-10335-1, in the amount of $16,150.93 against Officer Terhar. Plaintiff alleges that Officer Terhar was found to be at fault by his superiors in the Tacoma Police Department and Internal Affairs for one-half the sum awarded. *Id.*, p. 3. Plaintiff seeks enforcement of one-half of the amount of the arbitration judgment, or $8,075.47, against Officer Terhar, through this Section 1983 action. *Id.*, pp. 3-4.

The Court advised Plaintiff that he had failed to state a cognizable cause of action under 42 U.S.C. § 1983 in that he failed to allege conduct depriving him or a right, privilege, or immunity secured by the Constitution or laws of the United States. Dkt. # 6, p. 2. The Court further advised Plaintiff that his remedy, if any, was to seek to enforce his judgment in the state venue where he received his arbitration award. *Id*. The Court declined to serve Plaintiff's original complaint due to this deficiency, but granted Plaintiff leave to file an amended complaint curing, if possible, the noted deficiencies or leave to provide the Court with an explanation of why this matter should not be dismissed. *Id*.

In response, Plaintiff filed a First Amended Complaint. Dkt. # 7. In his Amended Complaint, Plaintiff merely reiterates the facts underlying his state court case and states that "by law the defendant and Tacoma Police department are liable in part for half of all damages and monetary judgement awarded to plaintiff's [sic] in case No. 04-2-1-10335-1, for violation of there [sic] own policy. *Id.*, p. 3.

**I. DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis*

REPORT AND RECOMMENDATION - 2

complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983 as he has failed to allege any constitutional harm. Plaintiff was carefully instructed as to the elements of a Section 1983 action and was given an opportunity to show cause and properly plead such an action in this Court. However, the matters brought forward by Plaintiff are more properly the subject of the state court where he obtained the judgment he seeks to enforce.

## II. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action

REPORT AND RECOMMENDATION - 3

should be **dismissed without prejudice**, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 21, 2008,** as noted in the caption.

DATED this  24th  day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4